**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3200
_____

CHARLES EDWARD BROWN,
                                                        Appellant

v.


WILLIAM D. SPRENKLE; TANYA BRANDT; SUPERINTENDENT MICHAEL D.
KLOPOTOSKI; VINCENT MOONEY; JEROME WALSH; LORI LYONS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 03-10-cv-02612)
District Judge:  Honorable A. Richard Caputo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 4, 2020
Before:  JORDAN, BIBAS and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed September 17, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Charles Edward Brown appeals from an order of the United States District Court for the Middle District of Pennsylvania, which granted the Defendants' second summary judgment motion. We will affirm the District Court's judgment.

In 2010, Charles E. Brown, a Pennsylvania state prisoner, filed a complaint in the District Court alleging a conspiracy and claiming that he was transferred to a different prison facility in retaliation for filing institutional grievances. In 2015, the Court granted in part and denied in part the Defendants' motion to dismiss and permitted Brown to amend his complaint as to his claims that were dismissed without prejudice. Brown then filed an amended complaint. The Court denied the Defendants' first motion for summary judgment in 2017, determining that there was a genuine issue of fact regarding whether Brown exhausted his retaliatory transfer claim. After denying the Defendants' motion to file a second summary judgment motion, the Court granted the Defendants' motion to reconsider. The Defendants filed a second motion for summary judgment, arguing that Brown had not exhausted his administrative remedies. Brown also filed a motion for summary judgment. The Court granted the Defendants' motion, agreeing that Brown had not exhausted available remedies. Brown timely appealed.[1]

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's ruling on a motion for summary judgment de novo. Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute over any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); United States v. Care Alternatives, 952 F.3d 89, 95 (3d Cir. 2020).

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust "such administrative remedies as are available" before suing under § 1983 to challenge prison conditions. Ross v. Blake, 136 S. Ct. 1850, 1854–55 (2016) (quoting 42 U.S.C. § 1997e(a)). In Pennsylvania, inmate grievances are handled according to the Department of Corrections' Inmate Grievance System Policy DC-ADM 804, which requires completion of a three-part procedure: initial review, appeal, and final appeal. See Spruill v. Gillis, 372 F.3d 218, 232 (3d Cir. 2004).

The sole substantive question in this appeal is whether administrative remedies were "unavailable" to Brown, so that the District Court should have considered the merits of his complaint. See Ross, 136 S. Ct. at 1855 (noting the PLRA's "built-in exception to the exhaustion requirement: A prisoner need not exhaust remedies if they are not 'available'"). Brown claims that he did not receive an Initial Review Response to Grievance #259990. He notes that the grievance procedure provides that an inmate may not appeal to the next level until he has "received" the Initial Review Response. DC-ADM 804, Part VI.C.1.a.

Brown raises other issues related to the availability question: (1) whether the District Court erred in allowing the Defendants to file a second summary judgment motion; (2) whether the District Court should have found that the Chief Grievance Officer committed perjury concerning Brown's exhaustion of remedies; (3) whether the District Court "overlooked" Brown's declaration stating that he did not receive the Grievance Officer's Initial Review Response of Grievance #259990; and (4) whether the

District Court erred in determining that the Defendants did not interfere with Brown's attempts to exhaust administrative remedies. We address these issues first.

The District Court did not err in allowing the Defendants to file a second motion for summary judgment. As the District Court noted in its order granting the Defendants' motion for reconsideration, exhaustion of administrative remedies is a threshold issue that the District Court must address before it can reach the merits of a prisoner's complaint. Order at 2, Dkt. #134 (citing Small v. Camden Cnty., 728 F.3d 265, 269-70 (3d Cir. 2013)). Second, we agree with the District Court that the Chief Grievance Officer's initial declaration did not contain false statements. The declaration concerned only whether a different grievance filed by Brown (#282036) was a true and accurate copy, and whether Brown had exhausted his administrative remedies as to that grievance. Declaration of Dorina Varner at 3-4, Dkt. #84-3.[2] Contrary to Brown's representation, the Declaration did not state that Grievance #282036 was the only grievance that Brown filed about his transfer.

We are confident that the District Court did not "overlook" docket #144, Brown's Declaration. Notably, the District Court referenced the document in its final opinion. Dist. Ct. Mem. at 4, Dkt. #162. And the District Court did not err in determining that the Defendants did not interfere in Brown's attempts to exhaust his administrative remedies, as we explain in greater detail below. See Small v. Camden Cnty., 728 F.3d 265, 271 (3d

---

[2] Brown does not dispute that Grievance #282036 was rejected as untimely.

Cir. 2013) (stating that a District Court may resolve factual issues regarding exhaustion of administrative remedies).

Brown is correct that an inmate may not appeal to the next level until he has "received" the Initial Review Response. DC-ADM 804, Part VI.C.1.a. And it is also true that administrative remedies are considered unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross, 136 S. Ct. at 1860. But here, even crediting Brown's assertion that he did not receive the Initial Review Response, Brown admits that on March 3, 2009, he received a communication from the Chief Grievance officer, which stated, among other things, that "an initial review response [to Grievance 259990] was completed on February 23, 2009." Plaintiff's Affidavit at 2, Dkt. #35; Plaintiff's Appendix at 30, Dkt. #145. Thus, this was not a case in which the prison thwarted Brown's attempts to exhaust administrative remedies or misled him as to how to exhaust his administrative remedies. Cf. Hardy v. Shaikh, 959 F.3d 578 (3d Cir. 2020) (establishing test for determining when an inmate's use of a grievance process has been thwarted by misrepresentation). We agree with the District Court that, once Brown knew that an Initial Response had been issued, he should have informed the prison that he had not received it, and he should have requested, if necessary, an extension of time to file an appeal.

Because Brown did not exhaust his administrative remedies, we will affirm the District Court's order granting the Defendants' second summary judgment motion.